UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62750-CIV-ALTMAN

CHRISTINA GOMEZ and
DANIEL GOMEZ,

    **Plaintiffs**,

v.

FIRST LIBERTY INSURANCE CORPORATION,

    **Defendant**.

_____/

## ORDER

**THIS MATTER** comes before the Court upon a *sua sponte* review of the record.

## THE LAW

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). It is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). For the amount in controversy requirement, the party invoking federal jurisdiction must show that the amount exceeds $75,000. *See id.* If left unchallenged, a removing defendant, "as specified in § 1446(a)[,] . . . need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But, once challenged by either the court or the opposing party, "a conclusory allegation

that the amount in controversy requirement is satisfied [is] insufficient to sustain jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir. 2000). "[W]here jurisdiction is based on a claim for indeterminate damages, the . . . party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003); *see also Dart Cherokee Basin*, 574 U.S. at 88.

## THE FACTS

The Defendant removed this case to federal court on the basis of a letter the Plaintiffs' counsel composed, in which the Plaintiffs demanded $87,500 to resolve their claims. *See* Notice of Removal (the "Notice") [ECF No. 1]. On November 6, 2019, the Court ordered the Defendant to show cause why that settlement demand satisfied the amount in controversy requirement. *See* Order to Show Cause (the "OSC") [ECF No. 3]. Specifically, the Court informed the Defendant that "the Court gives the settlement offer little weight in assessing the amount in controversy" and gave the Defendant a chance to supplement its amount in controversy allegations. *See* OSC at 2–3.

The Defendant responded on November 8, 2019. *See* Response to Order to Show Cause (the "Response") [ECF No. 4]. In that Response, the Defendant doubled down. It had properly removed this case, the Defendant insisted, because the "Plaintiffs[] submitted a demand that included attorney's fees and was $12,500 more than $6,672." Resp. at 9. In other words, the Defendant continues to argue, as it did in its Notice of Removal, that (1) the settlement demand satisfies the amount in controversy requirement; and that (2) the attorney's fees the Plaintiffs have accrued thus far somehow push the amount in controversy above $75,000. *See generally* Response. Both arguments are unpersuasive.

2

**ANALYSIS**

**I.     The Settlement Offer**

Settlement offers "do not automatically establish the amount in controversy." *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-CV-615-J-32-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). To the contrary, an unadorned settlement offer merely "reflect[s] puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). Only a settlement offer that provides "specific information to support the plaintiff's claim for damages" constitutes an appropriate indication of the damages in question. *Lamb*, 2010 WL 6790539, at *2.

In *Lamb*, the court concluded that a settlement offer that "fails to explain how [the plaintiff] arrived at her damages calculation" does not "establish that the amount in controversy exceeded $75,000." *Id.* By contrast, in *Wilson*, this Court determined that a settlement offer that "delineates the extent of [the plaintiff's] injuries, the physicians who have treated her, and the medical care she received from each of those physicians"—and which includes a claim of "$100,000 in medical expenses and estimates [that] future medical expenses will be over $1 million"—provided sufficient "detail" to surpass the amount in controversy threshold. *Wilson v. Target Corp.*, No. 10-80451-CIV-MARRA, 2010 WL 3632794, at *4 (S.D. Fla. Sept. 14, 2010).

The settlement demand at issue here is as bare-bones as they come. *See* Settlement Demand (the "Demand") [ECF No. 1-4] at 2. The whole Demand reads as follows:

> Good Morning Shree,
>
> I have had the opportunity to speak with our client, and I have authority to resolve this case for $87,500, inclusive of attorneys' fees and costs and a release which would include any potential bad faith claim against Liberty Mutual. However, this offer is exclusive of any assignment of benefits from Infinity EMS and Rapid Mold Inspection.

3

> In an effort to avoid further litigation of this case, our client is willing to entertain reasonable counter offers. Please let us know your client's response. We look forward to hearing from you.
>
> Thank you,
>
> Katie

*See id.* Notably, this Demand never explains how the Plaintiff got to $87,500. It provides no damages calculations, includes no estimates, and contains no detail of any kind. In this respect, it falls squarely in line with the demand at issue in *Lamb* and is orders of magnitude less detailed than the demand this Court found sufficient in *Wilson*.

Nevertheless, the Defendant insists that the Demand suffices to satisfy its jurisdictional obligations because, in an unrelated document, the Plaintiffs obtained an estimate that pinned their actual damages at $68,328.01. *See* Estimate [ECF No. 1-5]. And, because Florida law authorizes plaintiffs in insurance disputes to recover attorney's fees, *see* Fla. Stat. § 627.428, the Defendant deduces that, under the plain terms of the Demand, the Plaintiff must be seeking, in addition to actual damages, $19,171.99 in attorney's fees ($87,500 minus $68,328.01[1]).

But the Defendant misreads the Demand in two important ways. First, the Defendant ignores the Plaintiffs' avowed "willing[ness] to entertain reasonable counter offers"—presumably at amounts far lower than the $87,500 opening demand—"to avoid further litigation of this case." *See* Demand. Second, by its plain terms, the Demand contemplated payment for "any potential bad faith claim against" the Defendant. *See id*. Because there is, as yet, no such bad faith claim at issue here—the Complaint includes only a breach of contract claim, *see generally* Compl. [ECF No. 1-2]—the Demand actually sought to resolve, not only the current case, but also some hypothetical

---

[1] The Defendant at no time disputes that this case involves only $68,328.01 in actual damages. S*ee, e.g.*, Resp. at 4.

future suit.

The Demand, in short, "reflect[s] [mere] puffing and posturing" and includes, within its offered sum, the value of an entirely different case. Because the Demand does not prove by a preponderance of the evidence, *see Dart Cherokee Basin*, 574 U.S. at 88, that *this case* is about more than $75,000, it is insufficient, standing alone, to establish federal jurisdiction here.

**II.     Attorney's Fees**

"When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Section 627.428, Florida Statutes, allows an insured to an insurance action to recover reasonable attorney's fees if he prevails. But, as the Defendant correctly notes, "only attorney's fees incurred at the time of removal" are relevant for purposes of the amount in controversy analysis. Resp. at 8 (citing *Biddle v. Lowe's Home Centers*, LLC, 19-81251-CIV-ALTMAN, 2019 WL 5616292, at *2 (S.D. Fla. Oct. 31, 2019)). Notably, because the Court has challenged the Defendant's amount in controversy allegations, *see generally* OSC, the Defendant bears the burden of showing, by a preponderance of the evidence, that it has satisfied the amount in controversy requirement, *see Dart Cherokee Basin*, 574 U.S. at 88.

But the Defendant has provided *no* evidence to substantiate its allegation that the Plaintiff's attorney has incurred *any* fees at all. It has conducted no discovery on that question, and it has sought no extension of time within which to do so. Instead, it asks this Court to find that the attorney's fees incurred thus far are sufficient for amount in controversy purposes, "[r]egardless of whether the amount of Plaintiffs' counsel's work to date actually merits" that amount. Resp. at 9. This, of course, the Court may not do. *See Morrison*, 228 F.3d at 1265 ("When a statute authorizes the recovery of attorney's fees, *a reasonable amount* of those fees is included in the

5

amount in controversy." (emphasis added)).

The Defendant also attaches to its Response an order from an unrelated case, in which another court awarded the Plaintiff's attorney the amount of fees he had requested. *See* Santiago Final Judgment [ECF No. 4-1]. That order no doubt satisfied the Plaintiff's lawyer. But it is no evidence at all of how many hours that lawyer has worked *on this case*. At most, it suggests that $450/hour is a reasonable rate for that lawyer's work. *See* Santiago Final Judgment at 11.

The record before the Court strongly suggests that the Plaintiffs' attorney has done precious little work *on this case*. The almost-form Complaint charges one count and totals only six pages. *See* Compl. The Plaintiff has drafted only two documents in discovery—both of them plainly boilerplate. *See* State Court Documents. And, as discussed, the whole of the parties' settlement discussions consists of a single, seven-line email. *See* Demand.

Notably, the Defendant has adduced no evidence to establish the total amount of fees the Plaintiff's counsel has incurred in "drafting" these form documents.[2] And it is unambiguously the Defendant's burden to provide that evidence. *See Dart Cherokee Basin*, 574 U.S. at 88. Ultimately, "procedures for removal are to be strictly construed," *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and any "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The extent of the attorney's fees the Plaintiff's lawyer has incurred in this case is nothing if not uncertain, and the Court will resolve that uncertainty—as it must—"in favor of remand."

*****

Accordingly, the Court hereby

---

[2] This omission is unsurprising. In the Court's experience, the Plaintiff's lawyer could not have spent more than a few hours drafting the complaint, propounding the limited discovery, and preparing the Demand.

**ORDERS and ADJUDGES** that this case is **REMANDED** to the 17th Judicial Circuit Court in and for Broward County, Florida. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of November 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record